NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE JARVIS AUSTIN, | No. 22-15929 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-09076-SI |
| v. | |
| ABC LEGAL, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted May 16, 2023**

Before: BENNETT, MILLER, and VANDYKE, Circuit Judges.

George Jarvis Austin appeals pro se from the district court's judgment

dismissing his action alleging discrimination and defamation in violation of federal

and state laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

a district court's dismissal for failure to state a claim under Federal Rule of Civil

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Brunette v. Humane Soc. of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002). We affirm.

The district court properly dismissed Austin's action because Austin failed to allege facts sufficient to show that defendant denied him services because of his race or temporary disability or made a defamatory statement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (in a 42 U.S.C. § 1981 action, "plaintiffs must show intentional discrimination on account of race"); *Munson v. Del Taco, Inc.*, 208 P.3d 623, 628-30 (Cal. 2009) (to state a claim under the Unruh Act, a plaintiff must plead intentional discrimination unless they also establish a violation of the Americans with Disabilities Act); *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (setting forth elements of a defamation claim under California law); *Kahn v. Bower*, 284 Cal. Rptr. 244, 252 n.5 (Ct. App. 1991) ("The general rule is that the words constituting an alleged [defamatory statement] must be specifically identified, if not pleaded verbatim, in the complaint.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

22-15929